IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DIANNE DICKEY, individually and as the Administratrix of the Estate of Malcolm Dickey, )<br>)<br>)<br>)<br>) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:08cv332-MHT |
| ) | (WO) |
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, et al., )<br>) | |
| Defendant. ) | |

OPINION AND ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on whether it has jurisdiction. The court believes that it does not. First, because the court has denied the dismissal of resident defendants Kimberly S. May and Peggy Sawyer, there has not been fraudulent joinder of them (that is, plaintiff Dianne Dickey has colorable claims against them), see Coker v. Amoco Oil Co., 709

F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, for this same reason, there has not been fraudulent misjoinder of May and Sawyer (that is, Dickey has reasonably joined them pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); see also Wright v. Metropolitan Life Ins. Co., 74 F. Supp. 2d 1150 (M.D. Ala. 1999) (Thompson, J.) (the fact that the plaintiff asserted the same claims against both the resident and non-resident defendants suggested that the plaintiff may not have sought to join the resident defendant with the specific intent to defeat removal jurisdiction). Because May and Sawyer are properly defendants and are Alabama citizens and because Dickey is also an Alabama citizen, full or complete diversity of citizenship is lacking, and this case must therefore be remanded to state court. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (under the rule

of "complete diversity," no plaintiff may share the same state citizenship with any defendant).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Pike County, Alabama.

It is further ORDERED that any pending motion is left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 9th day of March, 2010.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE